UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DIANE E. DAVIS,**

    **Plaintiff,**

v.                  Case No: 6:20-cv-2204-PGB-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

---

REPORT AND RECOMMENDATION

This cause comes before the undersigned for consideration without oral argument on the following motion:

> **MOTION:**   Petition for Attorney Fees under EAJA (Doc. 23)
>
> **FILED:**    April 25, 2022
>
> ---
>
> **THEREON** it is **Recommended** that the motion is **GRANTED in part** and **DENIED in part**.

**I.   Background**

Plaintiff has filed an opposed motion seeking an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. 23 (the Motion). In the Motion, Plaintiff requests an award of attorney fees in the amount of $10,328.78, an award of costs in the amount of $402.00 (for the filing fee), expenses in the amount of $20.22 (for serving the complaint on the Commissioner), and an order authorizing payment of that award directly to Plaintiff's counsel. *Id.* Defendant filed a response to the Motion, in which Defendant argues that Plaintiff's billed hours

should be reduced by 11.1 hours. Doc. 25 (the Response). Plaintiff also filed a reply to the Response. Doc. 26 (the Reply).

**II.     Standard**

A party may recover an award of attorney fees against the government provided the party meets five requirements: 1) the party seeking the award is the prevailing party; 2) the application for such fees, including an itemized justification for the amount sought, is timely filed; 3) the claimant had a net worth of less than $2 million at the time the complaint was filed; 4) the position of the government was not substantially justified; and 5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2).

In determining the amount of the fee, the undersigned uses the familiar "lodestar" method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

"If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive,

redundant, or otherwise unnecessary." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th. Cir. 1999) (quotations omitted). But in cases where the fee motion and supporting documents are voluminous, an hour-by-hour analysis by the court is not required, and the court may apply across-the-board percentage cuts in the number of hours so long as the court provides a concise but clear explanation of its reasons for the reduction. *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).

### III. Discussion

#### A. Entitlement to Fees

##### 1. Prevailing Party

At the Commissioner's request, the Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Accordingly, the undersigned finds that Plaintiff is a prevailing party.

##### 2. Timely Application

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as a judgment that "is final and not appealable." *Id*. at § 2412(d)(2)(G). The Commissioner generally has 60 days in which to appeal, thus a judgment typically becomes final after 60 days. Fed. R. App. P. 4(a)(1)(B). As discussed above, the plaintiff then has 30 days in which to file her motion for EAJA fees. Therefore, a motion for EAJA fees is timely if it is filed within 90 days after the judgment is entered. *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996). The judgment in this case

was entered on January 27, 2022, and the Motion was filed on April 25, 2022. Docs. 22; 23. Accordingly, the undersigned finds that the Motion is timely.

### 3. Claimant's Net Worth

Plaintiff states that she had a net worth of less than $2 million when the complaint was filed. Doc. 23-1. This statement is uncontroverted. Accordingly, the undersigned finds that Plaintiff's net worth was less than $2 million when the complaint was filed.

### 4. Government's Position Not Substantially Justified

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person – i.e. when it has a reasonable basis in both law and fact." *U.S. v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (internal quotations omitted). The Commissioner bears the burden of proving that her position was substantially justified. *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies her burden, the government's position will be deemed not substantially justified. In this case, the Commissioner only argues that the hours billed were excessive; she does not argue that her position was substantially justified. *See* Doc. 25. Accordingly, the undersigned finds that the Commissioner's position was not substantially justified.

### 5. No Special Circumstances

The undersigned finds that no special circumstances would make an award of fees unjust.

### B. Reasonableness of EAJA Award

Plaintiff asserts that she incurred 48.2 hours of billable time in this appeal, which includes 5.6 hours related to litigating fees. Though hours were incurred in this case between 2020 and 2022, Plaintiff requests the 2021 rate for all of the hours incurred. The Commissioner argues that 48.2 hours is excessive and that the request should be reduced by 11.1 hours. The Commissioner

also argues that the 2020 rate should apply to hours incurred during 2020 and the 2021 rate should apply to hours incurred during 2021.

There is no dispute that Plaintiff is entitled to recover her reasonable attorney fees here. Rather, the dispute lies in whether all the hours Plaintiff's counsel billed in prosecuting this appeal were reasonable.

Plaintiff's counsel is well-versed in social security litigation. *See* Doc. 26 at 10 n.5. Plaintiff asserts that 48.2 hours incurred is reasonable in this case; Plaintiff cites her counsel's previous cases where courts have found that similar hours expended were reasonable. *Id.* However, it does not appear that any of these cases were from within this District—indeed, none appear to be from within this Circuit. *See id.* Whatever the general practice of courts outside of this Circuit, in this District, "an award in excess of thirty hours is uncommon." *Huntley v. Comm'r of Soc. Sec.*, 2013 WL 5970717, at *2 n.1 (M.D. Fla. Nov. 8, 2013); *see Tumlin v. Comm'r of Soc. Sec.*, 2021 WL 4261216, at *1 (M.D. Fla. Sep. 20, 2021).

That said, the parties argue several points concerning specific billing entries. The Court will discuss each category of contested billable time. That said, Plaintiff violated Local Rule 3.01(a) by filing a separate brief in support of her EAJA motion (*see* Docs. 23 and 24), and Plaintiff violated Local Rule 3.01(d) by filing an unauthorized reply. Thus, the Court would certainly be well within an exercise of its discretion to strike those unauthorized filings for their failure to comply with the Local Rules and not consider them—which would result in the Commissioner's arguments being uncontested, as Plaintiff's motion is, standing alone, a boilerplate form. That said, the undersigned has considered Plaintiff's arguments in making this report and recommendation.

1. **De Minimis Entries**

For four of the entries—0.5 hours in total—the Commissioner argues that Plaintiff should not be compensated because "these items [are] minimal in length." Doc. 25 at 4. Two of the entries relate to the "review" of endorsed orders. For example, one entry bills 0.1 hours—or six minutes—for "review[ing] Dkt. 10." The endorsed order at Doc. 10 states:

> **ENDORSED ORDER** granting 9 Opposed Motion to for Stay of Proceedings, as no response in opposition was filed in the time provided. See Local Rule 3.01(c). This action is **STAYED** until 5/13/2021.

Another entry billed 0.1 hours for reviewing the judgment that was entered in the case—another de minimis task. While the undersigned understands that it is typical for counsel to bill in six-minute increments, taken together, billing 0.3 hours—almost 20 minutes—for these three entries was excessive. However, the undersigned finds that the fourth-referenced entry in which counsel billed 0.2 hours for reviewing magistrate judge availability forms is reasonable. Upon review of the referenced entries, and upon applying the undersigned's experience in evaluating the reasonableness of attorney fees, the undersigned finds that Plaintiff may recover 0.3 hours total for these four entries, representing a reduction of 0.2 hours.

2. **Joint Memorandum Entries**

Plaintiff seeks to recover 20.4 hours of billable time for her portion of the joint memorandum; the Commissioner argues that this is excessive. The Commissioner seeks to have the Court reduce that 20.4 hours by 7 hours.

Plaintiff justifies some of the hours incurred by citing the length of the transcript in this case, which was just over a thousand pages. Doc. 24 at 9. This transcript was by no means short, but it was not particularly lengthy compared to other social security cases that come before the Court, and a lengthy transcript, on its own, does not justify the hours requested here. *See, e.g.,*

*Oneill v. Comm'r of Soc. Sec.*, 2021 WL 1929736, at *5 (M.D. Fla. Apr. 13, 2021) (awarding 33.55 hours, reduced from 46.9 hours, despite transcript that exceeded 5,500 pages), *report and recommendation adopted by* 2021 WL 1925545 (M.D. Fla. May 13, 2021).

The first claim of error raised by Plaintiff is a constitutional challenge based upon *Seila Law* and related cases. *See Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020). This argument is a generalized attack on the ALJ's constitutional authority; it is not fact-intensive, it does not normally turn on the substance of the underlying decision, and it has been made time and again. In essence, Plaintiff's four-page argument is boilerplate—it can be attached to almost any Social Security appeal that was decided during a particular period. Indeed, Plaintiff cites to no portion of the administrative record in this section of her argument. Doc. 18 at 5-9. Yet in the billing records presented to the Court, there is no differentiation between the two claims of error raised by Plaintiff, and most of the time billed to draft the Plaintiff's portion of the memorandum is block-billed. *See, e.g.*, Doc. 23-2 at 2 (recording 7.2 hours of billable time on 9/23/21 for: "Research arguments and caselaw, revise and edit Plaintiff's brief"). The second claim of error raised by Plaintiff certainly involved the expenditure of billable time and, arguably, resulted in the voluntary remand, but it is not a complex argument and did not involve significant portions of the administrative record. Indeed, in Plaintiff's portion of the brief concerning the second claim of error, Plaintiff cites to a very limited and defined portion of the administrative record: pages 10-32 (the ALJ's decision), 68 (a page of the transcript of the hearing before the ALJ), and 190 (the first page of Plaintiff's application for benefits). Doc. 18 at 24-35.

Thus, upon reviewing the joint memorandum and the related billing entries, the undersigned finds that a reduction is appropriate. It appears that Plaintiff spent roughly five hours

reviewing the transcript,[1] which the undersigned finds is reasonable given the length of the transcript here. However, the time allocated to drafting the joint memorandum is excessive. The undersigned finds that an award in excess of 10 hours for drafting Plaintiff's portion of the joint memorandum would be excessive given the arguments advanced. Accordingly, upon review of the referenced entries, and upon applying the undersigned's experience in evaluating the reasonableness of attorney fees, the undersigned finds that Plaintiff may recover 15 hours total for these entries, representing a reduction of 5.4 hours.

### 3. Fee-Related Entries

Given that the undersigned finds that Plaintiff sought excessive hours, it follows that Plaintiff should not recover all her fees regarding the fee litigation. *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 163 n.10 (1990) ("[F]ees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation."). Here, Plaintiff incurred 5.6 hours negotiating over and preparing her EAJA petition. The Commissioner submits that 2 hours is a reasonable time for these matters.

In this District, it is not uncommon for courts to award only 1 hour for preparing an EAJA petition. *See Tumlin v. Comm'r of Soc. Sec.*, 2021 WL 4261216, at *2 (M.D. Fla. Sep. 20, 2021) ("[O]ne hour is reasonable considering counsel uses a standard form for EAJA petitions and affidavits.") (citations omitted); *see also Roman v. Comm'r of Soc. Sec.*, 2022 WL 2757598, at *1 (M.D. Fla. July 14, 2022); *Porco v. Comm'r of Soc. Sec.*, 2022 WL 396318, at *1 (M.D. Fla. Jan. 25, 2022), *report and recommendation adopted by* 2022 WL 394394 (M.D. Fla. Feb. 9, 2022).

---

[1] It is somewhat unclear exactly how much time was spent reviewing the transcript due to Plaintiff's block-billing. Regardless, the undersigned finds that billing more than five hours reviewing the transcript here would be excessive. *Cf., e.g., Oneill*, 2021 WL 1929736, at *4 (M.D. Fla. Apr. 13, 2021) ("[I]t is not excessive to spend 8 hours reviewing a transcript that exceeds 5,500 pages[.]").

Much of the Commissioner's position on this issue is well-taken, and the undersigned finds that awarding 5.6 hours for litigating fees would be excessive. Indeed, Plaintiff's EAJA motion here is less than two pages of mostly boilerplate language. Plaintiff also asserts that she will seek EAJA fees for filing her Reply. The undersigned finds that EAJA fees should not be awarded for the Reply because it does not appear that the Reply was authorized. Local Rule 3.01(d). The undersigned finds that fees should not be awarded for an unauthorized reply. *See Tumlin*, 2021 WL 4261216, at *2 (M.D. Fla. Sep. 20, 2021).

Upon reviewing of the referenced entries, and upon applying the undersigned's experience in evaluating the reasonableness of attorney fees, the undersigned finds that Plaintiff may recover 2 hours for EAJA litigation here, representing a reduction of 3.6 hours.

### 4. Hourly Rate

The undersigned finds that hours incurred in 2020 should be rated at the 2020 rate, hours incurred in 2021 should be rated at the 2021 rate, and hours incurred in 2022 should be rated at the 2022 rate. *See, e.g., Roman*, 2022 WL 2757598, at *1 (M.D. Fla. July 14, 2022) ("[Counsel] requests hourly rates of $207.35 for the year 2020, $212.51 for the year 2021, and $226.34 for the year 2022 . . . . The requested rates are reasonable."). The Commissioner submits an hourly rate of $203.94 for hours incurred in 2020, which the undersigned finds is reasonable. Plaintiff submits an hourly rate of $214.29 for hours incurred in 2021, which the undersigned finds is reasonable. Plaintiff also submits an hourly rate of $225.54 for hours incurred in 2022, which the undersigned finds is reasonable. The undersigned applies these rates in calculating the appropriate fee.

### 5. Costs and Expenses

Plaintiff also requests reimbursement for the filing fee and for serving the complaint on the Commissioner. The Commissioner does not appear to oppose this request. The undersigned finds

that these requests are reasonable and reimbursable. *See Volk v. Astrue*, 2012 WL 5387967, at *1 (M.D. Fla. Nov. 2, 2012) (awarding filing fees costs and mailing expenses).

### C. Assignment

Plaintiff requested that the EAJA award be paid directly to her counsel. Doc. 23. A plaintiff, not counsel, is generally entitled to receipt of an EAJA award. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Though Plaintiff may have assigned her right to the EAJA award, the Assignment does not satisfy the Anti-Assignment Act, because it was executed prior to the determination of the EAJA award. *See Crumbley v. Colvin*, 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013). The government, though, may exercise its discretion to honor the Assignment if it determines that Plaintiff does not owe a debt to the government. But the undersigned recommends that the Court not order the government to honor the Assignment.

### IV. Conclusion

The recommended disposition of the hours awarded for this appeal is based upon the undersigned's experience in evaluating the reasonableness of attorney fees as well as the foregoing reasons.[2]

Accordingly, for the foregoing reasons, the undersigned respectfully **Recommends** that the Motion (Doc. 23) be **GRANTED in part** and **DENIED in part**, such that:

---

[2] The undersigned also notes that—while of course not dispositive of the issue in any individual case—the recommended award of 39 hours brings the award much more in line with other social security appeal EAJA awards in this District. *See Schechter v. Saul*, 2020 WL 4289512, at *3 (M.D. Fla. July 7, 2020) (awarding 42 hours), *report and recommendation adopted by* 2020 WL 4287355 (M.D. Fla. July 27, 2020); *Roman*, 2022 WL 2757598, at *2 (M.D. Fla. July 14, 2022) (awarding 35 hours); *Bowman v. Comm'r of Soc. Sec.*, 2014 WL 5472453, at *1 (M.D. Fla. Oct. 22, 2014) (awarding 34.3 hours).

1) Plaintiff be awarded 39 hours for this appeal, reduced from 48.2 hours, representing a total fee award of $8,326.66;[3]

2) Plaintiff be awarded $402.00 for costs;

3) Plaintiff be awarded $20.22 for expenses;

4) If the government determines that Plaintiff does not owe a debt to the government, that the government be permitted to honor Plaintiff's assignment; and

5) The Motion (Doc. 23) be **DENIED** in all other respects.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on August 29, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] 2020 hours:  7.2 * 203.94 = $1,468.37;

2021 hours:  27.9 * 214.29 = $5,978.69;

2022 hours:  3.9 * 225.54 = $879.60;

Total:  1,468.37 + 5,978.69 + 879.60 = $8,326.66.