# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DIANE E. DAVIS,**

      **Plaintiff,**

v.                        **Case No: 6:20-cv-2204-PGB-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**
_____/

## ORDER

This cause is before the Court on Plaintiff Diane Davis's ("**Plaintiff**") Motion for Attorney Fees Under the Equal Access to Justice Act ("**EAJA**") (Docs. 23, 24 (the "**Motion**")). Magistrate Judge Daniel C. Irick issued a Report recommending the Motion be granted in part and denied in part. (Doc. 27 (the "**Report**")). Plaintiff objected (Doc. 29 (the "**Objection**")), and Defendant Commissioner of Social Security (the "**Commissioner**") responded to the Objection (Doc. 30 (the "**Response**")).

Upon consideration, Plaintiff's Objection is due to be overruled, the Report is due to be adopted and confirmed, and the Motion is due to be granted in part.

**I.     BACKGROUND**

On December 3, 2020, Plaintiff filed its Complaint seeking judicial review of the Commissioner's final decision denying her claim for Social Security Disability benefits. (Doc. 1). Ultimately, the Court remanded the case back to the

Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 21). Judgment was entered (Doc. 22), and Plaintiff's petition for EAJA fees timely ensued (Docs. 23, 24). Therein, Plaintiff requested $10,328.78 in attorney fees, along with $402.00 as reimbursement for the filing fee, and $20.22 in costs. (Docs. 23, 24). The Commissioner responded in opposition (Doc. 25), and Plaintiff filed a reply brief without leave of Court (Doc. 26 (the "**Reply**")). Magistrate Judge Daniel C. Irick issued a Report recommending the Motion be granted in part and denied in part. (Doc. 27). Plaintiff filed its Objection (Doc. 29), and the Commissioner responded to the Objection (Doc. 30). Accordingly, the matter is now ripe for review.

## II. STANDARD OF REVIEW

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III. DISCUSSION

In the Report, Magistrate Judge Irick found that the number of hours Plaintiff's counsel billed in prosecuting the instant appeal was not reasonable and

thus, a reduction in recovered attorney's fees was warranted. (Doc. 27). As such, the Report recommends the undersigned grant Plaintiff's Motion only in part. (*Id.*).[1] First, Plaintiff objects to the Report generically, arguing its requested EAJA award is reasonable in comparison to other fee awards within various Districts in Florida and in jurisdictions throughout the country. (Doc. 29, pp. 1–16). Then, Plaintiff addresses its objection to the reduction of hours associated with specific billing entries, as recommended in the Report. (*Id.* at pp. 16–27). Accordingly, the Court will address Plaintiff's objections to each category of contested billable time. Ultimately, however, the Court finds Plaintiff does not set forth an adequate basis to overrule the Report and agrees with Magistrate Judge Irick's findings and conclusions.

### A.   Reasonableness of EAJA Award

In the Report, Magistrate Judge Irick recommends that Plaintiff's request for an award of 48.2 hours is excessive and thus, should be reduced to 39 hours.[2] Plaintiff objects, arguing Magistrate Judge Irick based his findings and conclusions

---

[1] The Court does not address Plaintiff's statutory entitlement to attorney's fees as such is undisputed at this point. (Doc. 29, p. 5). In any event, the Court agrees with Magistrate Judge Irick's finding that Plaintiff satisfies the five requirements for recovery of attorney's fees against the government under the EAJA. (*Id.* at pp. 2–4). The sole dispute is whether all of the hours Plaintiff's counsel billed were reasonable.

[2] Magistrate Judge Irick recommended that the submitted *yearly* rates were reasonable and found that "hours incurred in 2020 should be rated at the 2020 rate, hours incurred in 2021 should be rated at the 2021 rate, and hours incurred in 2022 should be rated at the 2022 rate." (Doc. 27, p. 9). No party objects to this specific recommendation. (*See* Docs. 29, 30). In any event, the Court agrees with such a conclusion. Thus, the Court tailors its discussion to the recommended reduction in requested billable hours. The Court also points out that the Commissioner requested a larger reduction, of 11.1 hours to 37.1 total hours of work, which Magistrate Judge Irick rejected. (Doc. 25).

3

on an "inaccurate perspective" that awards in excess of thirty hours *in this District* are uncommon. (Doc. 29). Plaintiff then proceeded to list court-approved reasonable hours, in upwards of fifty cases, in an attempt to indicate that such a "perspective" is misguided. (*Id.* at pp. 1–16).[3] However, the Court is not persuaded and does not find Magistrate Judge Irick erred in concluding that the hours Plaintiff's counsel billed were excessive.

For one, in the Objection, Plaintiff's counsel compares itself to attorney Sarah Bohr, who Plaintiff states has vast experience litigating Social Security appeals and "is typically awarded fees that represent work performed in the lower bounds of the 30-hour range" in cases, like this one, in which the Commissioner agrees to voluntary remand. (*Id.* at p. 4). Plaintiff then sets forth a number of cases to demonstrate higher court-approved hours in courts across this District and throughout the Eleventh Circuit, as well as a number of other Circuits.[4] (*Id.* at pp.

---

[3]   The Court highlights that it is well known, and widely cited, that awards in excess of thirty hours are not common in this District. *See, e.g.*, *Huntley v. Comm'r of Soc. Sec.*, No. 12-CV-613-ORL-37, 2013 WL 5970717, at *2 n.1 (M.D. Fla. Nov. 8, 2013) (collecting cases); *Bowman v. Comm'r of Soc. Sec.*, No. 613-CV-614-ORL-31TBS, 2014 WL 5472453, at *3 (M.D. Fla. Oct. 22, 2014), *report and recommendation adopted*, 2015 WL 9474613 (M.D. Fla. Dec. 29, 2015); *Dansereau v. Comm'r of Soc. Sec.*, No. 21-CV-632-DAB, 2022 WL 8208627, at *3 (M.D. Fla. July 21, 2022). In any event, as illustrated in Plaintiff's Objection, awards in excess of forty hours—as requested here—are even fewer and farther between. (*See* Doc. 29, pp. 1–16; *see also* Doc. 30 ("But the average number of hours this Court approved in the cases Plaintiff lists is 35.45 . . . .")). Of course, this generality does not mean that such awards never occur—courts simply must be persuaded that unique circumstances of a case warrant a deviation from the normal range. *See, e.g.*, *Oneill v. Comm'r of Soc. Sec.*, No. 19-CV-2359, 2021 WL 1929736, at *3 (M.D. Fla. Apr. 13, 2021), *report and recommendation adopted*, 2021 WL 1925545 (M.D. Fla. May 13, 2021).

[4]   Although Plaintiff argues that other district and Circuit courts find higher ranges of hours in Social Security cases "reasonable," this Court is not persuaded considering case law, thus far, in district courts in the Eleventh Circuit. (Doc. 29, pp. 12–16).

1–16).[5] As the Commissioner points out, though, the estimated "average number of hours this Court approved in the cases Plaintiff lists is 35.45, which undermines Plaintiff's objection." (Doc. 30, p. 3 (citations omitted)). In fact, out of all the fifty-plus cases Plaintiff has tabled, Plaintiff's instant request for 48.2 hours is the third highest. *See, e.g., Marshall v. Astrue*, No. 09-CV-33, 2011 WL 2604768, at *2 (M.D. Ga. May 10, 2011) ("The typical attorney work time expended in an EAJA case ranges between twenty (20) and forty (40) hours."), *report and recommendation adopted*, 2011 WL 2604754 (M.D. Ga. June 30, 2011); *McDivitt v. Saul*, No. 20-CV-3773, 2021 WL 2384577, at *2 (N.D. Fla. Apr. 26, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 2383720 (N.D. Fla. June 10, 2021). Thus, even if awarding fees for work performed in the lower bounds of the thirty-hour range is more common than courts presume, Plaintiff's request here far exceeds this higher range. Not to mention, although Plaintiff lists various Social Security cases in which courts in this District have awarded fees for thirty-plus hours of work, Plaintiff fails to discuss the facts of those cases or explain how their circumstances are particularly relevant to the ones at bar. *See Tumlin v. Comm'r of Soc. Sec.*, No. 19-CV-457, 2021 WL 4261216, at *1 (M.D. Fla. Sept. 20, 2021).

Ultimately, as Magistrate Judge Irick points out in his Report and the Commissioner reiterates in its Response, the Court agrees this case did not present

---

[5] The Court notes that in the Motion itself, Plaintiff originally did not cite to hardly any cases within this District to prove counsel's requested hours were reasonable—when it should have—and now, attempts to do so after the fact in its Objection.

any complex or "novel issues of law warranting such an extensive investment of time, especially considering that Plaintiff's counsel is an attorney [so] experienced in social security litigation." *Powell v. Colvin*, No. 12-CV-2078-T-33TBM, 2013 WL 4781083, at *2 (M.D. Fla. Sept. 6, 2013); (*see* Doc. 26, p. 10; Doc. 29, pp. 3–10). Therefore, upon consideration of the circumstances and counsel's experience, the Court agrees the hours Plaintiff's counsel billed were excessive and warrant a reduction.

### B. Specific Time Entries

#### 1. *De Minimis Entries*

The Commissioner argued Plaintiff should not be compensated for the following four time entries because they were so "minimal in length": review of an Endorsed Order granting a motion to stay (0.1 hours), review of another Endorsed Order granting a motion to stay (0.1 hours), attention to magistrate judge availability forms (0.2 hours), and review of the judgment that was entered in the case (0.1 hours). (Doc. 25, p. 4; Doc. 30, p. 5). Although the Report found billing 0.2 hours for magistrate judge availability forms was reasonable, Magistrate Judge Irick recommended that the time billed for reviewing endorsed orders and the two-sentence judgment in the case was excessive. (Doc. 27, p. 6). As such, the Report recommended that the undersigned allow Plaintiff's counsel to recover only 0.3 hours in total for the aforementioned four time entries, representing a reduction of 0.2 hours. (*Id.*).

6

In her Objection, Plaintiff argues that Magistrate Judge Irick's combination of three separate 0.1 hour time entries into *one* 0.1 hour entry should be rejected because there was no cited "legal precedent to support such a reduction" and "the Commissioner herself routinely consents to these exact same types of time entries in cases across this entire country." (Doc. 29, pp. 16–17). Nevertheless, Plaintiff also does not cite to any supporting authority for her aforementioned contention. In any event, the Court agrees with both Magistrate Judge Irick and the Commissioner that common sense lends to the conclusion that it does not take 0.3 hours—or 18 minutes—to read two endorsed orders simply granting stays and a two-sentence judgment entered in the case. (*See* Doc. 30, p. 5). Ultimately, the Court agrees with the Report that billing 0.3 hours for such de minimis entries was excessive and thus, a reduction of 0.2 hours is warranted.

  2. *Joint Memorandum Entries*

The Report recommends that Plaintiff's request for 20.4 hours of work associated with the joint memorandum be reduced by 5.4 hours. (Doc. 27, pp. 6–8). Magistrate Judge Irick found that although the transcript was lengthy and warranted a significant amount of time to review it, the time allocated to drafting the joint memorandum itself was excessive considering the arguments advanced and the limited citation to the record. (*Id.*). The Court agrees.

Plaintiff objects to this recommendation for various reasons. (Doc. 29, pp. 17–22). With regard to the first claim of error, Plaintiff argues that Magistrate Judge Irick did not acknowledge work spent on the paragraphs addressing

7

harmless error and failed to account for the "Seila Law" issue being "subject to frequent new developments in case law across the country." (*Id.* at p. 18). However, as Magistrate Judge Irick pointed out, in the billing records, counsel made "no differentiation between the two claims of error raised by Plaintiff, and most of the time billed to draft the Plaintiff's portion of the memorandum is block-billed." (Doc. 27, p. 7). As such, the Court is left to employ its own expertise and judgment in assessing the reasonableness of the requested fees associated with certain tasks and subsequently making appropriate reductions. *See, e.g.*, *Oneill*, 2021 WL 1929736, at \*2 ("As with any petition for fees, the Court must always apply its own expertise and judgment, regardless of whether the requested fee amount is contested."); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Moreover, Plaintiff still fails to state the amount of time counsel expended with regard to the first claim of error or suggest what is "reasonable" considering counsel's experience. (Doc. 29, pp. 17–22). Further, Plaintiff does not cite authority to support its contention that keeping abreast of general developments in one's area of legal expertise should be compensable in this case.

With respect to the second claim of error, Plaintiff objects that it was "anything but a legally simplistic argument" considering evolving case law—specifically, *Pupo v. Commissioner, Social Security Administration*, 17 F.4th 1054 (11th Cir. 2021)—around the time counsel briefed the borderline age issue. (*See* Doc. 29, pp. 19–22). Simply put, the Court does not see how *Pupo* further justifies an award in excess of 10 hours for drafting Plaintiff's portion of the joint

8

memorandum, again given the arguments advanced and counsel's experience.[6] As Magistrate Judge Irick concluded, the Court agrees that the time incurred drafting the joint memorandum is excessive and is due to be reduced 5.4 hours, for a total recovery of 15 hours.

### 3. *Fee-Related Entries*

In the Report, Magistrate Judge Irick concluded that Plaintiff incurring 5.6 hours to negotiate over and prepare her EAJA petition was an unreasonable and excessive amount of time for such matters. (Doc. 27, pp. 8–9). The Commissioner argued that 2 hours was reasonable for the aforementioned tasks. Ultimately, the Court agrees with Magistrate Judge Irick's conclusion that the billed time related to fee litigation should be reduced by 3.6 hours. (*See id.*).

With regard to preparing the EAJA petition itself, Plaintiff does not set forth a sufficient basis for the Court to overrule the Report. Plaintiff's argument boils down to a reiteration of her position that the 5.6 hours expended in preparing her EAJA petition were reasonable. (*See* Doc. 29, pp. 23–26). As highlighted in the Report, it is common for courts in this District to award only 1 hour for preparing an EAJA petition. *See, e.g., Roman v. Comm'r of Soc. Sec.*, No. 21-CV-00057-, 2022 WL 2757598, at *1 (M.D. Fla. July 14, 2022) (time spent on EAJA petition reduced from 2.5 hours to 1 hour); *Tumlin*, 2021 WL 4261216, at *2 (time spent on EAJA petition reduced from 2.3 hours to 1 hour); *Reid v. Comm'r of Soc. Sec.*, No.

---

[6] In fact, notably in the Objection, Plaintiff indicates counsel in this case, attorney Palacios-Moreno, presented oral argument before the Eleventh Circuit in *Pupo* and thus, was likely highly informed on the surrounding case law. (Doc. 29, pp. 19–20).

9

219CV747FTM38NPM, 2020 WL 6163021, at *2 (M.D. Fla. Oct. 6, 2020) (time spent on EAJA petition reduced from 2.3 hours to 1 hour), *report and recommendation adopted*, 2020 WL 6161485 (M.D. Fla. Oct. 21, 2020). Thus, considering the circumstances, the Court finds Magistrate Judge did not err in concluding that 2 hours was a reasonable time for Plaintiff's preparation of the EAJA petition.

With regard to compensation for the time Plaintiff spent on its Reply to the Commissioner's response in opposition to Plaintiff's Petition for Attorney Fees (Doc. 26), Magistrate Judge Irick recommended that EAJA fees not be awarded. (Doc. 27, p. 9). Although Plaintiff objects that the Commissioner did not express opposition to the Reply nor move to strike the filing, and Magistrate Judge Irick considered the arguments Plaintiff set forth in the Reply, such does not change the fact that the Reply itself was unauthorized. (Doc. 29, pp. 25–26). Plaintiff sets forth no further basis for the Court to overrule the Report. In any event, the Court agrees with Magistrate Judge Irick's finding that fees should not be awarded for a Reply that was filed without leave of Court. *See Tumlin*, 2021 WL 4261216, at *2; *Martin v. Comm'r of Soc. Sec.*, No. 17-CV-1974, 2018 WL 8578026, at *4 (M.D. Fla. Dec. 6, 2018) (declining to award fees in connection with drafting a reply brief, even when the party requested leave to file, because a reply was not required).

### C. Fees Incurred for Objection

Plaintiff asserts that the Court should award an additional 26.5 hours in fees—amounting to $5,976.81—to reflect the work spent reviewing the Report and

10

preparing her Objection. (Doc. 29, pp. 26–27). The Commissioner objects, arguing that the government should not be required to reimburse Plaintiff "for the inordinate amount of time counsel spent researching the EAJA petitions of other attorneys, apologizing to the Court for violating the Court's rules, and drafting the objections." (Doc. 30, pp. 5–7). Ultimately, the Court agrees with the Commissioner.

As the Commissioner points out, Plaintiff seeks considerably more compensation for working on an Objection to the Report than the underlying memorandum itself. (Doc. 30). In fact, Plaintiff is requesting an astounding additional *26.5 hours* for time spent objecting to a Report that recommends a 9.2-hour *reduction* in billable time. (*See generally* Doc. 27). Such a request seems highly disproportionate. Not to mention, Plaintiff cites no authority to support its significant request. As such, Defendant's reliance on *Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990), to demonstrate that "no compensation should be awarded" for Plaintiff's failure to establish the Report erred in any way is persuasive. (Doc. 30, p. 6).

In *Jean*, the court noted the following:

> Because *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983), requires the district court to consider the relationship between the amount of the fee awarded and the results obtained, fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation. For example, if the Government's challenge to a requested rate for paralegal time resulted in the court's recalculating and reducing the award for paralegal time from the requested amount, then the applicant should not receive fees for the time spent defending the higher rate.

11

496 U.S. at 163 n.10. Thus, without more, the Court denies Plaintiff's request for additional fees to compensate counsel for reading the Report and preparing its related objections.[7]

### D. Assignment of Fees

Lastly, the Report recommends the EAJA Award be paid directly to Plaintiff—not Plaintiff's counsel. (Doc. 27, p. 10). Plaintiff does not set forth a valid objection to Magistrate Judge Irick's finding here. (*See* Doc. 29, p. 28).

In any event, the Court agrees with Magistrate Judge Irick's reasoning as identified in the Report. (See Doc. 27, p. 10). Generally, EAJA fee awards belong to plaintiffs, not their counsel. *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008). However, such fees may be paid directly to Plaintiff's counsel in situations in which a plaintiff does not owe a debt to the government and assigns the right to such fees to his or her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). Here, although Plaintiff appears to have assigned the rights to the EAJA Award to her attorney (Doc. 23-1), the aforementioned assignment does not satisfy the Anti-Assignment Act because it was executed prior to the determination of the EAJA award. *See* 31 U.S.C. § 3727(a)(1); (Doc. 27, p. 10); *see also Huntley*, 2013 WL 5970717, at *5; *Garrett v. Comm'r of Soc. Sec.*, No. 16-cv-1516, 2017 WL 3189707, at *1 (M.D. Fla. June 1, 2017), *report and recommendation adopted*, 2017 WL 3174042 (M.D. Fla.

---

[7] Not to mention, again, Plaintiff arguably should have set forth much of the argument asserted in her Objection, regarding the reasonableness of the hours billed, upon her first opportunity to do so—the underlying Motion.

July 26, 2017). Thus, the Court concludes that the award of EAJA fees should be made payable to Plaintiff as the prevailing party unless the government wishes to exercise its discretion to honor the aforementioned assignment and determines Plaintiff does not owe a debt to the government.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 29) is **OVERRULED**.

2. The Report and Recommendation, dated August 29, 2022 (Doc. 27), is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. Plaintiff's Motion for Attorney Fees Under EAJA (Doc. 23) is **GRANTED IN PART AND DENIED IN PART** such that:

    a. Plaintiff is awarded $8,326.66 in attorney's fees, representing 39 hours for this appeal.[8]

    b. Plaintiff is awarded $402.00 for costs and $20.22 for expenses.

    c. The EAJA fee award should be made payable directly to Plaintiff unless the government wishes to exercise its discretion to honor the assignment and determines Plaintiff does not owe a debt to the government.

---

[8] As set out in the Report, the calculation is as follows:

2020 hours: 7.2 * 203.94 = $1,468.37
2021 hours: 27.9 * 214.29 = $5,978.69
2022 hours: 3.9 * 225.54 = $879.60

Total: 1,468.37 + 5,978.69 + 879.60 = $8,326.66.

13

    d.  The Motion is **DENIED** in all other respects.

  **DONE AND ORDERED** in Orlando, Florida on February 9, 2024.

_____<br>
PAUL G. BYRON<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

14